IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN MICHAEL THUEMLER,**<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**JOE LIZARRAGA,**<br><br>　　　　　　　　　Respondent. | Case No. 1:16-cv-00175 MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 22]** |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Joe Lizarraga, Warden of Mule Creek State Prison is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 9, 14.)

**I.　　Background**

　　　　Petitioner is currently in the custody of the California Department of Corrections

1

pursuant to a judgment of the Superior Court of California, County of Stanislaus. (Lodged Doc. 1.) On August 2, 2013, Petitioner plead guilty to one count of committing a lewd act upon a child and one count of possession of an image of a minor engaged in sexual conduct. (Id.) On September 9, 2013, he was sentenced to a determinate term of six years in state prison. (Id.)

Petitioner did not directly appeal his conviction. However, Petitioner proceeded to file a collateral appeal to the conviction in state court. (See Lodged Docs. 2-3.) Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court on March 15, 2015.[1] (Id.) The petition was denied on April 9, 2015. (Id.)

Petitioner filed the instant federal habeas petition on January 27, 2016.[2] (Pet.) On September 28, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure to exhaust judicial remedies. (Mot. to Dismiss, ECF No. 22.) Petitioner did not file an opposition to the motion. The matter stands ready for adjudication.

## II. Discussion

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Hernandez v. Spearman, 764 F.3d 1071 (9th Cir. 2014); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, the petition was signed on March 15, 2015, and filed with the Court on April 7, 2015. Petitioner shall be provided the benefit of considering the petition filed on March 15, 2015.

[2] Although the petition was filed on February 1, 2016, the Court will consider the petition filed on January 27, 2016, the date Petitioner signed the petition.

in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

For the sake of judicial efficiency, the Court shall review Respondent's motion to dismiss based on a violation of the one-year limitations period under 28 U.S.C. § 2244(d)(1). Because Respondent's statute of limitations claim is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.  Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on January 27, 2016, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the judgment issued on September 9, 2013. Accordingly, his conviction became final 60 days later on November 8, 2013. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on November 9, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from November 9, 2013, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until January 27, 2016, over a year after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

According to the state court records provided by Respondent, Petitioner filed his first petition for writ of habeas corpus on March 15, 2015. However, the limitations period had already expired at that time.

The limitations period commenced on November 9, 2013 and expired one year later on November 8, 2014. Accordingly, the statute of limitations expired over a year before the instant federal petition was filed on January 27, 2015. While Petitioner filed a habeas petition on March 15, 2015, petitions filed after the expiration of the statute of limitations period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The present petition was filed over a year after the expiration of the year statute of limitations period and is untimely.

**D.    Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

Cir. 1993). Petitioner has not presented any argument that he is entitled to equitable tolling of the petition.

### E. Exhaustion

Respondent, in his motion to dismiss, asserts an alternative ground for dismissal based on failure to exhaust state remedies. (See Mot. to Dismiss at 4-5.) As the petition is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not address Respondent's claims regarding failure to exhaust judicial remedies.

## IV. Conclusion

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling, and the petition was untimely filed. Based on the foregoing, the Court grants Respondent's motion to dismiss.

## V. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 22) is GRANTED;
2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely;
3. All pending motions (Docs. 11, 12, 20) are DENIED as moot; and
4. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28

U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   November 8, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE